UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

APRIL CHRISTINE WILLIAMS,                                           6:16-cv-19-JR

                 Plaintiff,

                                          FINDINGS & RECOMMENDATION

      v.

Commissioner of Social Security,

                 Defendant.

RUSSO, Magistrate Judge:

     Plaintiff brings this proceeding to obtain judicial review of the Commissioner's final decision denying plaintiff's application for disability insurance benefits and supplemental security income.

     Plaintiff initially asserted disability beginning April 30, 1999,[1] due to fibromyalgia, anxiety, bipolar disorder, migraines, neck problems, calcium deposits in her hips, medication intolerance, back problems, dizzy spells, pain, depression, stomach problems, hives, post-traumatic stress

---

[1] Plaintiff later amended her onset date to April 1, 2012. Tr. 58

Page 1 - FINDINGS & RECOMMENDATION

disorder (PTSD), and attention deficit hyperactivity disorder (ADHD). Tr. 201, 235.

After a hearing, an administrative law judge (ALJ) determined plaintiff was not disabled. Plaintiff argues the ALJ erred in: (1) rejecting plaintiff's testimony; (2) rejecting medical opinion; and (3) finding plaintiff retains the ability to perform other work.

A.  Plaintiff's Testimony

At the hearing, the ALJ noted plaintiff alleged disability dating back to April 30, 1999, but questioned the allegation based on a work history which included substantial gainful activity as of April 2012. Tr. 58. Plaintiff's counsel stated that while he "thinks she has been disabled since then, [he thinks] it's appropriate ... to amend to 4/1 of 2012." Id.

Plaintiff testified she quit a job working at Dari Mart in April 2012 because:

> I just couldn't do it anymore because I was hurting and my anxiety was getting overwhelming. I would go in the backroom and cry, I would cry a lot at home [from] the pain, and trying to figure out what to do.
> ....
> [I]t just got too much for my body and my mind and dealing with people. I'll be dropping stuff and I just felt I couldn't do it anymore.

Tr. 59-60.

The ALJ asked plaintiff if her boyfriend convinced her to leave her job. Plaintiff replied, "[n]o ... he said he will help take care of me while I tried to get on Social Security .... But ... I already knew that I needed to try [to get on Social Security]." Tr. 60.

The ALJ then inquired about a note plaintiff left for her supervisor when she quit. Plaintiff stated she "told him I had health issues and I was quitting." Id. Plaintiff also testified the previous night at work "was a little bit rough, this lady was yelling at me and calling me names." Tr. 60-61.

Page 2 - FINDINGS & RECOMMENDATION

Plaintiff then testified that she cannot work because of anxiety, depression, fibromyalgia, neck pain, arm shaking, dizzy spells, headaches, and hip and leg problems. Tr. 61. The ALJ found plaintiff's assertions not credible.

Specifically, the ALJ noted significant credibility issues arising out of a 2013 Cooperative Disability Investigation (CDI). Id. The ALJ recounted the report:

> During the investigation, the claimant's presentation was inconsistent with her alleged physical and mental severity. For example, despite her allegation of being in chronic pain all over, she showed no sign of gait abnormality. The claimant walked with a normal gait. She did not exhibit any signs of discomfort when bending down to pick up her dog or while taking a seat. She moved quickly without hesitation while bending over. Moreover, the claimant had a firm grip while shaking hands. At no time did the claimant display any tremors in her arms or hands. The claimant never showed any sign of being in pain or discomfort. Additionally, despite allegations of considerable anxiety while around people, the claimant was friendly and cooperative throughout the interview. She did not appear to be anxious or depressed. She gave relevant answers to questions. She was able to relate her history clearly and engaged in small talk with the agents.

Tr. 34; 511-518.[2]

The ALJ next noted generally unremarkable objective findings both physically and mentally. Tr. 35-36.

The ALJ questioned plaintiff's credibility regarding her employment at Dari Mart. Tr. 36. Plaintiff's termination note to her employer simply stated, "health issues." Tr. 285. Her report to the Social Security Administration states she stopped working on April 3, 2012 for "other reasons" than

---

[2]The Social Security Act expressly authorizes the Commissioner to "conduct such investigations and other proceedings as the Commissioner may deem necessary or proper." 42 U.S.C. § 405(b)(1); see also Fair v. Bowen, 885 F.2d 597, 603 (9th Cir.1989) ("The Disability Insurance and Supplemental Security Income programs are intended to provide benefits to people who are unable to work; awarding benefits in cases of nondisabling pain would expand the class of recipients far beyond that contemplated by the statute."). In addition, use of a pretext interview is permissible. See Shaw v. Winters, 796 F.2d 1124, 1125 (9th Cir.1986) ("Government agents are permitted to assume false identities in order to gain the confidence of their targets.").

Page 3 - FINDINGS & RECOMMENDATION

"physical and/or mental conditions," but she believes her conditions became severe enough to keep her from working as early as April 30, 1999. Tr. 228, 235. Nonetheless, plaintiff noted her condition did not cause her to make any changes in work activity thus precluding her from working at Dari Mart. Tr. 236. Moreover, during her course of treatment, plaintiff stated she quit because a customer cursed at her. Tr. 461. During the CDI, plaintiff stated:

> [she] fell in love with an ex-boyfriend ... who convinced her to quit her job in April 2012.... [S]he left her keys, smock, and a note syaing she quit on the counter and walked out without notice. She agreed that was not a smart thing to do, but said she thought she was in love.

Tr. 515. Significantly, plaintiff's employer indicated plaintiff had no problems sustaining work, maintaining adequate attendance, and did not require greater than normal rest periods or breaks. Tr. 36; 279. She further responded appropriately to supervision, maintained acceptable relationships with co-workers, had no abnormal behavior, and consistently maintained normal production and quality standards. Tr. 279.

The ALJ next noted that plaintiff's daily activities also contradicted her claim of physical and mental disability such as her ability to shop all day and attend counseling . Tr. 36, 515.

The ALJ presented clear and convincing evidence, supported by the record, to discredit plaintiff's testimony. See Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001) (In determining credibility, an ALJ may engage in ordinary techniques of credibility evaluation, such as considering claimant's reputation for truthfulness and inconsistencies in claimant's testimony.); Bruton v. Massanari, 268 F.3d 824, 828 (9th Cir. 2001) (statements about leaving employment contradicting that it was because of injury is a clear and convincing reason to reject symptom testimony). The ALJ did not err in disregarding plaintiff's subjective mental and physical pain testimony.

B.  Medical Opinion

Plaintiff next asserts the ALJ improperly rejected the opinions of her medical providers.

Licensed clinical social worker Linda Blandy stated plaintiff continues to experience significant levels of PTSD, including difficulty being around people. Accordingly, Blandy opined plaintiff is unable to work. Tr. 536. Mental health counselor Mark Snider, along with Blandy, completed a functional limitations form indicating plaintiff would have marked difficulty completing a workday and maintaining full-time work. Tr. 557-64. The opinions are based on "demonstrated [in]ability to maintain a normal day of activities at home without symptoms interfering." Tr. 563.

Although Mark Snider and Linda Blandy are not acceptable medical sources, the ALJ may only reject their opinions by giving reasons germane to each. Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). The ALJ rejected the opinions because they relied heavily on plaintiff's subjective complaints and are inconsistent with plaintiff's work history. Tr. 37. These are germane reasons, supported by the record, for rejecting the opinions. As noted above, plaintiff is less than credible regarding her symptom's interference with her ability to work.

The same is true of plaintiff's treating physician, Dr. John Holtzapple. Dr. Holtzapple opined that plaintiff would miss more than four days of a work a month and concurred with the opinions of Blandy and Snider. Tr. 653-655. The ALJ rejected this opinion because treatment records revealed only plaintiff's subjective complaints with little mention of clinical signs or objective findings. Tr. 37; e.g., Tr. 657-669. The ALJ's legitimate reasons for rejecting the opinions of plaintiff's medical providers are supported by substantial evidence. See Ghanim v. Colvin, 763 F.3d 1154, 1162 (9th Cir. 2014) (If a treating provider's opinions are based "to a large extent" on an applicant's self-reports and not on clinical evidence, and the ALJ finds the applicant not credible, the ALJ may discount the

Page 5 - FINDINGS & RECOMMENDATION

treating provider's opinion.). Accordingly, the ALJ did not err with respect to his assessment of the medical evidence.

C.     Other Work

Plaintiff asserts, based on the alleged errors with respect to plaintiff's testimony and the medical opinions, the ALJ failed to show plaintiff retains the ability to work. Plaintiff contends the ALJ relied on testimony from the vocational expert that failed to include limitations alleged by plaintiff and included in her medical providers opinions. However, as noted above, the ALJ properly discounted such limitations. Accordingly, the ALJ met his burden to show plaintiff is capable of working full-time based on plaintiff's residual functional limitations as supported by the record.

## **CONCLUSION**

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the decision of the Commissioner should be affirmed and this case should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to

appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this 25th day of April 2017.

                                                          s/Jolie A. Russo
                                                    JOLIE A. RUSSO
                                                    United States Magistrate Judge